JOHN B. WILLIAMSON *v.* JOHN P. MORTON & CO.

[Abstract Kentucky Law Reporter, Vol. 3—755.]

### Statute Merely Directory.

The provisions of Elliott's Charter, 342, § 15, authorizing an allowance of $1,000 or less by the city council for services rendered by the clerk in behalf of the commonwealth are not mandatory but are within the discretion of the council.

### Common Count in Assumpsit.

Where goods are sold and delivered at the request of the purchaser for which he agreed to pay a reasonable sum and the goods are alleged to be worth so many dollars and these facts are alleged in an action in assumpsit the pleading is sufficient to maintain a recovery if the proof authorized it.

APPEAL FROM JEFFERSON CIRCUIT COURT.

April 1, 1882.

OPINION BY JUDGE PRYOR:

We see no reason and find no statute for allowing to the clerk of the city court that which is not allowed by law to the other clerks of the state. Such record-books and stationery as the commonwealth is liable to furnish, the city should furnish when there is no special law on the subject. Such in fact is the

plain meaning of Elliott's Charter, 342, § 15.    This is a general provision in the city charter authorizing an allowance of $1,000 or less by the city council for services rendered by the clerk in behalf of the commonwealth; and such an allowance, if made, and that is entirely within the discretion of the council, would cover all extra expenses.    The county court makes annual allowances to the county clerks, more from custom than statute, of small sums to cover extra expenses and services rendered, and the same discretion may be exercised by the council as it is limited in the allowance to a sum not exceeding $1,000.    Still this provision is not mandatory but is purely within the discretion of the council.

The appellant in this case, under the impression that the city was responsible, ordered Wannock, the clerk of the mayor, to get the articles for the value of which this recovery was had. Wannock applied to the appellees and made the purchase and the latter supposing that the city was responsible charged the items to the city.    Finding the city not responsible, and the appellant having received the blanks, stationery, etc., and used them, and having ordered Wannock to get them, at the suit of the appellees in which it is alleged the goods were purchased at the instance and request of the appellant, the recovery is had. It is maintained that this is the averment of an express contract and that under it a recovery can not be had upon an implied promise.    We do not understand this to be the law.    It is a common count in assumpsit for goods sold and delivered at the request of the defendant for which he agreed to pay a reasonable sum and they are alleged to be worth so many dollars.    This pleading was sufficient to maintain the recovery if the proof authorized it.    We think the proof did authorize it and the judgment was proper.    The appellant ordered the goods supposing another was responsible and under that order he obtained the goods and used them.

Judgment *affirmed.*

*Kohn & Barker, for appellant.*

*A. C. Rucker, for appellees.*